IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40942
Conference Calendar
_____


UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JESSIE A. ALMEIDA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-93-CR-73-3
- - - - - - - - - -
April 10, 1998

Before JOLLY, JONES, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

     Jessie A. Almeida pleaded guilty to possession with intent

to distribute approximately 490 pounds of marijuana.  In this

appeal, Almeida argues primarily that the district court erred in

denying him a reduction in his offense level for acceptance of

responsibility.  This court accords "great deference" to the

sentencing court's "refusal to credit a defendant's acceptance of

responsibility."  United States v. Vital, 68 F.3d 114, 121 (5th

Cir. 1995) (internal quotation omitted).

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

At sentencing, the district court clearly did not believe Almeida's assertion that he was simply attempting to help a friend with a broken vehicle.  The district court carefully examined the circumstances surrounding the presentence interview and found that Almeida falsely denied his criminal involvement to the probation officer and in the sentencing proceeding.  The district court did not clearly err in refusing to adjust Almeida's offense level for acceptance of responsibility.  See Vital, 68 F.3d at 121.

Almeida also complains that his counsel was not present at the interview with the probation officer referred to by the district court.  Almeida does not have a constitutional right to counsel during the presentence interview.  United States v. Bounds, 985 F.2d 188, 194 (5th Cir. 1993).  Under Fed. R. Crim. P. 32(b)(2), "[o]n request, the defendant's counsel is entitled to notice and a reasonable opportunity to attend any interview of the defendant by a probation officer in the course of a presentence investigation."  In this case, the probation officer attempted to notify counsel of the interview on the day it was to occur, but was unsuccessful.  It is not necessary to determine if this was sufficient under rule 32 because at sentencing the district court disregarded all of Almeida's prior statements, written and oral, and gave Almeida the opportunity to accept responsibility with counsel present.  This Almeida did not do.

AFFIRMED.